1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY TURNER,

11              Plaintiff,                    No.  2: 09-cv-3445 GEB KJN P

12        vs.

13   WILLIAM G. DOUGLAS, et al.,

14              Defendants.              ORDER

15   _____/

16        Plaintiff is a state prisoner and is proceeding without counsel.  On March 12,

17   2010, plaintiff's complaint was dismissed with thirty days to file an amended complaint.  On

18   May 25, 2010, plaintiff was granted an additional twenty-one days to file an amended complaint.

19   That period expired and plaintiff did not file an amended complaint.  Accordingly, on July 7,

20   2010, the undersigned recommended that this action be dismissed.

21        On July 7, 2010, plaintiff filed an amended complaint.  On July 14, 2010, plaintiff

22   filed objections to the findings and recommendations.  Plaintiff states that he did not file a timely

23   amended complaint because he was in the process of being transferred from county jail to state

24   prison.  Good cause appearing, the findings and recommendations are vacated.

25        In the amended complaint, plaintiff alleges that he did not receive adequate

26   medical care while housed at the Yolo County Jail.  Plaintiff alleges violations of his

1  constitutional rights as well as state law.

2          It is relatively clear that plaintiff was a pretrial detainee during his incarceration in

3  the jail.  A "pretrial detainees' rights under the Fourteenth Amendment are comparable to

4  prisoners' rights under the Eighth Amendment," and therefore, "the same standards apply."  Frost

5  v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

6          In order to state a § 1983 claim for violation of the Eighth Amendment based on

7  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

8  deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

9  To prevail, plaintiff must show both that his medical needs were objectively serious, and that

10 defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299

11 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of

12 mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4

13 (1992).

14         A serious medical need exists if the failure to treat a prisoner's condition could

15 result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

16 that a prisoner has a serious need for medical treatment are the following:  the existence of an

17 injury that a reasonable doctor or patient would find important and worthy of comment or

18 treatment; the presence of a medical condition that significantly affects an individual's daily

19 activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

20 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

21 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

22 grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

23         In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court  defined a very

24 strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of

25 course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness

26 (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should

be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would

have known of the risk or that a defendant should have known of the risk.  Id. at 842.

It is nothing less than recklessness in the criminal sense— subjective

standard—disregard of a risk of harm of which the actor is actually aware.  Id. at 838-42.  "[T]he

official must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant

is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk

by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official

acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  If

the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42.

However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere

differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth

Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon,

662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate

that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.

1989).  A failure to competently treat a serious medical condition, even if some treatment is

prescribed, may constitute deliberate indifference in a particular case.  Id.

Additionally, mere delay in medical treatment without more is insufficient to state

a claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State Prison Com'rs, 766

F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is

no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060 (citations

omitted).  A finding that an inmate was seriously harmed by the defendant's action or inaction

tends to provide additional support for a claim of deliberate indifference; however, it does not

end the inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more

serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

Named as defendants in the amended complaint are Yolo County Sheriff Prieto, Dr. Douglas, Dr. Jenck, Nurse Tonya, Nurse Lilly, Cellie Chan, DeSilva, Carolynn, Genine, Lisa, Ms. Owens and Jose Valentine.

Plaintiff alleges that prior to his incarceration in the Yolo County Jail, on August 21, 2009, he suffered serious injuries as a result of a car accident.  Plaintiff had surgery as a result of the injuries suffered in the car accident.  On September 18, 2009, plaintiff was arrested by Yolo County sheriff's deputies and taken to the jail.  Plaintiff alleges that the arresting officer used excessive force by grabbing his broken arm and ripping off plaintiff's brace.  When plaintiff arrived at the jail, he was allegedly bleeding and in pain.

The only allegation against defendant Nurse Tonya is that when plaintiff was booked, he told defendant Nurse Tonya that he had been in a serious truck accident and had just been released form the U.C. Davis Trauma Center.  These allegations, standing alone, do not state a colorable constitutional claim.  Accordingly, the claims against defendant Tonya are dismissed.

After being booked, plaintiff alleges that he was then placed in administrative segregation.  Plaintiff alleges that defendant Jencks, the Chief Medical Officer of the jail, refused to process plaintiff's request for pain medications (oxycodone and percocet) and refused to change plaintiff's bandages.  These allegations state a potential colorable claim for relief against defendant Jencks.

Plaintiff next alleges that on September 20, 2009, he requested emergency care for his injuries.  Defendant Nurse Lilly had plaintiff sign a medical authorization form so she could receive plaintiff's records from U.C. Davis.  When plaintiff told defendant Nurse Lilly that he had blurred vision, headaches and spinal pain, she allegedly refused to provide him with any pain

medication.  She allegedly later tried to give plaintiff Motrin even though his medical records state that he is allergic to Tylenol and is sensitive to Motrin.

The undersigned cannot determine whether plaintiff has stated a colorable claim for relief against defendant Nurse Lilly.  Plaintiff does not allege, for example, whether defendant Nurse Lilly had access to his medical records or whether plaintiff told her that he was "sensitive" to Motrin.  Without additional information regarding the circumstances under which defendant Nurse Lilly tried to give plaintiff Motrin, or whether plaintiff suffered any harm as a result, the undersigned cannot find that plaintiff has stated a colorable claim for relief against this defendant.

Plaintiff next alleges that on September 21, 2009, plaintiff saw defendant Dr. Douglas who allegedly told plaintiff that he would not provide plaintiff with any of the medication prescribed by U.C. Davis, i.e. oxycodone and dilantin, as well as dressing changes for his skin graft.  Instead, defendant Dr. Douglas allegedly prescribed Vicodin even though plaintiff's medical chart stated that he was allergic to Vicodin.  Plaintiff alleges that defendant Douglas was aware of his Vicodin allergy.  These allegations state a potential colorable claim for relief against defendant Douglas.

Plaintiff next alleges that on September 24, 2009, defendant Jencks denied plaintiff's request for a copy of his medical records.  Plaintiff alleges that by denying him access to his medical records, defendant Jencks prevented plaintiff from obtaining adequate medical care.  It is unclear how plaintiff's inability to gain access to his medical records prevented him from obtaining adequate medical care.  These allegations do not state a colorable Eighth Amendment claim against defendant Jencks.

Plaintiff alleges that defendants Jencks, Lilly, Lisa, Genine, Carolynn and Celly Chan "withheld and obstructed" his medical grievances.  These allegations are so vague and conclusory that the undersigned cannot determine whether plaintiff has stated a colorable claim for relief against these defendants.  Plaintiff does not allege how or when these defendants

1  obstructed plaintiff's grievances.  Nor does plaintiff describe how the failure to process his

2  grievances caused him to suffer inadequate medical care.

3           On November 20, 2009, defendant Jose Valentine allegedly refused to treat

4  plaintiff for a staph infection.  As a result, plaintiff allegedly suffered pain and injuries on his left

5  arm.  These allegations state a potential colorable claim for relief.

6           Finally, the complaint contains no specific allegations against defendants Prieto,

7  DeSilva or Owens.

8           The Civil Rights Act under which this action was filed provides as follows:

9           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
10          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
11          law, suit in equity, or other proper proceeding for redress.

12  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

14  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

15  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

16  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

17  omits to perform an act which he is legally required to do that causes the deprivation of which

18  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19          Moreover, supervisory personnel are generally not liable under § 1983 for the

20  actions of their employees under a theory of respondeat superior and, therefore, when a named

21  defendant holds a supervisorial position, the causal link between him and the claimed

22  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

23  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

24  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

25  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

26  Cir. 1982).

1  Because plaintiff has failed to link defendants Owens, DeSilva and Preito to the

2  alleged deprivations, the claims against these defendants are dismissed with leave to amend.

3  For the reasons stated above, the court finds that the amended complaint states a

4  potential colorable claim for relief against defendant Valentine regarding his failure to treat

5  plaintiff's staph infection, and against defendant Jencks and Douglas for their failure to provide

6  pain medication and to change plaintiff's bandages.  The amended complaint does not state a

7  cognizable claim against defendants Jencks, Nurse Lilly, Lisa, Genine, Carolynn and Celly Chan

8  for allegedly withholding and obstructing plaintiff's grievances.  The amended complaint also

9  does not state a colorable claim for relief against defendant Jencks for allegedly failing to provide

10  plaintiff with a copy of his medical records.  The amended complaint does not state a colorable

11  claim for relief against defendant Nurse Lilly for allegedly prescribing Motrin nor against

12  defendant Tonya based on plaintiff's telling her during booking that he had been in a car

13  accident.  Finally, the amended complaint also fails to state claims against defendants Prieto,

14  Owens and DeSilva.

15  Plaintiff may proceed forthwith to serve defendants Valentine, Jencks and

16  Douglas as to those claims found potentially colorable and pursue his claims against only those

17  defendants or he may delay serving any defendant and attempt to state a cognizable claim against

18  the other defendants.

19  If plaintiff elects to attempt to amend his complaint to state a cognizable claim

20  against the other defendants, he has thirty days in which to file such an amended complaint.  He

21  is not obligated to amend his complaint.

22  If plaintiff elects to proceed forthwith against defendants Valentine, Jencks and

23  Douglas, against whom he has stated a potential cognizable claim for relief, then within thirty

24  days he must return materials for service of process enclosed herewith.  In this event the court

25  will construe plaintiff's election as consent to dismissal of all claims found not colorable above

26  without prejudice.

1    Any amended complaint must show the federal court has jurisdiction, the action is

2  brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

3  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

4  who personally participated in a substantial way in depriving plaintiff of a federal constitutional

5  right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

6  deprivation of a constitutional right if he does an act, participates in another's act or omits to

7  perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

8  contends he was the victim of a conspiracy, he must identify the participants and allege their

9  agreement to deprive him of a specific federal constitutional right.

10    In a second amended complaint, the allegations must be set forth in numbered

11  paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a

12  single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate

13  transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.

14  10(b).

15    The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara,

16  307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved

17  any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ.

18  P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must

19  be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

20  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

21  which was adopted to focus litigation on the merits of a claim.");  Fed. R. Civ. P. 8.  Plaintiff

22  must not include any preambles, introductions, argument, speeches, explanations, stories,

23  griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.

24  McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983

25  complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597

26  (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully

1  warranted" in prisoner cases).  The court (and defendants) should be able to read and understand

2  plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading

3  including many defendants with unexplained, tenuous or implausible connection to the alleged

4  constitutional injury, or joining a series of unrelated claims against many defendants, very likely

5  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

6  plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

7       A district court must construe a pro se pleading "liberally" to determine if it states

8  a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff

9  an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

10  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

11  cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129

12  S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

13  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that

14  is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

15       A claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference that

16  the defendant is liable for the misconduct alleged. The plausibility
standard is not akin to a "probability requirement," but it asks for

17  more than a sheer possibility that a defendant has acted unlawfully.
Where a complaint pleads facts that are merely consistent with a

18  defendant's liability, it stops short of the line between possibility
and plausibility of entitlement to relief.

19

20  Id. (citations and quotation marks omitted).  Although legal conclusions can provide the

21  framework of a complaint, they must be supported by factual allegations, and are not entitled to

22  the assumption of truth.  Id. at 1950.

23       An amended complaint must be complete in itself without reference to any prior

24  pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

25  files an amended complaint, the original pleading is superseded.

26       By signing a second amended complaint, plaintiff certifies he has made reasonable

inquiry and has evidentiary support for his allegations, and for violation of this rule the court may

impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED that:

1.  The following claims are dismissed with leave to amend: 1) defendants Jencks,

Nurse Lilly, Lisa, Genine, Carolynn and Celly Chan for allegedly withholding and obstructing

plaintiff's grievances; 2) defendant Jencks for allegedly failing to provide plaintiff with a copy of

his medical records; 3) defendant Nurse Lilly for allegedly prescribing Motrin; 4) during

booking, plaintiff told defendant Tonya that he had been in a car accident; 5) all claims against

defendants DeSilva, Owens and Prieto.  Within thirty days of service of this order, plaintiff may

amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is

not obliged to amend his complaint.

2.  The allegations in the pleading are sufficient at least to state potentially

cognizable claims against defendants Jencks and Douglas based on their alleged failure to

provide pain medication and bandages, and against defendant Valentine for allegedly failing to

treat plaintiff's staph infection.  See 28 U.S.C. § 1915A.  With this order the Clerk of the Court

shall provide to plaintiff a blank summons, a copy of the pleading filed July 7, 2010 (Dkt. No.

27), 3 USM-285 forms and instructions for service of process on defendants Jencks, Douglas and

Valentine.  Within thirty days of service of this order plaintiff may return the attached Notice of

Submission of Documents with the completed summons, the completed USM-285 forms, and

four copies of the endorsed amended complaint.  The court will transmit them to the United

States Marshal for service of process pursuant to Federal Rule of Civil Procedure 4.  Defendants

Jencks, Douglas and Valentine will be required to respond to plaintiff's allegations within the

deadlines stated in Federal Rule of Civil Procedure 12(a)(1).  In this event, the court will

construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective

claims set forth above without prejudice.

3.  Failure to comply with this order will result in a recommendation that this

1    action be dismissed.

2              4.  The July 7, 2010 findings and recommendations (Dkt. No. 26) are vacated.

3    DATED:  September 1, 2010

4

5

6                                        _____
                                         KENDALL J. NEWMAN
7                                        UNITED STATES MAGISTRATE JUDGE

8

9    tur3445.14

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                      FOR THE EASTERN DISTRICT OF CALIFORNIA

8    ANTHONY TURNER,

9              Plaintiff,                      No. 2: 09-cv-3445 GEB KJN P

10        vs.

11   WILLIAM G. DOUGLAS, et al.,

12             Defendant[s].               <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

13   _____/

14        Plaintiff hereby submits the following documents in compliance with the court's order

15   filed _____:

16              __1__            completed summons form

17              ____            completed forms USM-285

18              ____            copies of the _____
                                        [#] Amended Complaint
19

20   Plaintiff consents to the dismissal of defendants [insert names] without prejudice.

21        OR

22        _____ Plaintiff opts to file a [#] amended complaint and delay service of process.

23
     Dated:
24

25                                      _____
                                                   Plaintiff
26