IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY TURNER,

       Plaintiff,                        No. 2: 09-cv-3445 GEB KJN P

    vs.

WILLIAM G. DOUGLAS, et al.,

       Defendants.             <u>ORDER</u>

/

       Plaintiff is a state prisoner proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to file a supplemental complaint filed March 31, 2011. On April 8, 2011, defendants filed an opposition. For the following reasons, plaintiff's motion is denied.

       This action is proceeding on the amended complaint filed July 7, 2010, as to defendants Jencks and Douglas based on their alleged failure to provide plaintiff with adequate pain medication and bandages while he was housed at the Yolo County Jail in 2009. This action is also proceeding against defendant Valentine based on his alleged failure to treat plaintiff's staph infection while he was housed at the Yolo County Jail in 2009.

       In the supplemental complaint, plaintiff generally alleges that defendants failed to provide him with adequate medical care while he was housed in the Yolo County Jail from

September 18, 2009 to May 5, 2010.

A supplemental pleading, as opposed to an amended one, is used to allege relevant facts occurring after the original pleading was filed.  William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 8:1720 (The Rutter Group 2010)(hereinafter "Schwarzer, et al.") (citing Fed. R. Civ. P. 15(d); Keith v. Volpe, 858 F.2d 467, 468 (9th Cir. 1988)).  A supplemental pleading, which is designed to bring an action "up to date," is different than an amended pleading, which relates to matters existing when the original complaint was filed.  Schwarzer, et al. at § 8:1720 (citing Manning v. City of Auburn, 953 F.2d 1355, 1359-60 (11th Cir. 1992); ConnectU LLC v. Zuckerberg, 522 F.3d 82, 90 (1st Cir. 2008)).

Because the proposed supplemental complaint contains claims regarding events occurring before the operative amended complaint was filed, it is construed as a proposed second amended complaint.

The proposed second amended complaint does not contain the allegations found colorable against defendants in the first amended complaint.  Plaintiff does not allege, for example, that defendant Valentine failed to adequately treat his staph infection.  Rather, the proposed second amended complaint generally alleges that defendants failed to provide adequate medical care.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Because it is clear that plaintiff did not intend to abandon the claims in the first amended complaint found colorable by the court, plaintiff's proposed second amended complaint is disregarded.  In any event, the claims in the proposed second amended complaint of inadequate medical care are so vague and conclusory that they do not state a colorable claim for relief.

////

1         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to file a
2 supplemental complaint, construed as a motion for leave to file a second amended complaint,
3 (Dkt. No. 57) is denied.
4 DATED: April 14, 2011

                                                  _____
                                                  KENDALL J. NEWMAN
                                                  UNITED STATES MAGISTRATE JUDGE

tur3445.supp