IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY TURNER,

      Plaintiff,                           No. 2: 09-cv-3445 GEB KJN P

     vs.

WILLIAM G. DOUGLAS, et al.,

      Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are cross-motions for summary judgment.  For the following reasons, defendants are granted twenty-one days to file a supplemental summary judgment motion and plaintiff's summary judgment motion filed July 18, 2011, is deemed timely.

        This action is proceeding on the amended complaint filed July 7, 2010, as to defendants Jencks, Douglas and Valentine.  Plaintiff claims that on November 20, 2009, defendant Valentine refused to treat plaintiff for a staph infection.  Plaintiff alleges that defendant Jencks refused to process his request for pain medications (oxycodone and percocet) and refused to change plaintiff's bandages.  Plaintiff alleges that defendant Douglas failed to provide adequate pain medication and also prescribed Vicodin, to which plaintiff is allegedly allergic.

1

1  On June 13, 2011, plaintiff filed a ten page motion titled "Notice of Motion for
2  'Order' of Declaratory Judgment Against Defendant, et al." This motion restates plaintiff's
3  claims against defendants but includes no supporting evidence.  In this motion, plaintiff also
4  fails to cite to any portion of the record in support of this motion.

5  On June 18, 2011, defendants filed a summary judgment motion.  Regarding
6  defendant Valentine, defendants argue that he was not working at the Yolo County Jail, where
7  the alleged deprivations occurred, on September 20, 2009.  In support of this argument,
8  defendants refer to the declaration of defendant Jencks, which states that defendant Valentine
9  was on vacation from September 16, 2009, to September 30, 2009.

10  As discussed above, plaintiff alleges that defendant Valentine failed to treat
11  plaintiff's staph infection on *November 20, 2009.*  (Dkt. No. 27 at 23 of 61.)  Defendants'
12  summary judgment motion incorrectly identifies September 20, 2009, as the date the alleged
13  deprivation committed by defendant Valentine occurred.  Accordingly, defendants are granted
14  twenty-one days to file a supplemental summary judgment motion addressing the claim against
15  defendant Valentine based on the date alleged in the amended complaint.

16  Pursuant to the mailbox rule, on July 14, 2011, plaintiff filed a motion titled
17  "Notice of Motion for Summary Judgment."  (Dkt. No. 68.)  This motion contains some exhibits.
18  Defendants have not responded to this motion.

19  All pretrial motions, including summary judgment motions, were due on or before
20  July 8, 2011.  (See Scheduling Order, Dkt. No. 49.)  Plaintiff's motion for summary judgment
21  filed July 14, 2011 is untimely.  Because defendants are being granted an opportunity to file a
22  supplemental summary judgment motion, in the interest of justice and judicial economy,
23  plaintiff's July 14, 2011 summary judgment motion is deemed timely.  Defendants are ordered to
24  file an opposition to this motion within twenty-one days.

25  ////

26  ////

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants are granted twenty-one days from the date of this order to file a supplemental summary judgment motion;

2. Plaintiff's summary judgment motion filed July 18, 2011 is deemed timely; defendants are granted twenty-one days from the date of this order to file an opposition to this motion.

DATED: August 25, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tur3445.fb